IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GARMENDIA MARIN, EFREN GARCIA VALLE, and JORGE PERALTA-MARTINEZ, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> ASSAULT AND BURGERY, L.L.C., an Illinois limited liability company, d/b/a LOCKDOWN LLC, and PETER ZONIS, an individual, <br><br> Defendants. | Case No. 17-cv-00273 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiffs, David Garmendia Marin ("Garmendia"), Efren Garcia Valle ("Garcia"), and Jorge Peralta-Martinez ("Peralta-Martinez") (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, Assault and Burgery, L.L.C. d/b/a Lockdown LLC ("Lockdown Bar & Grill") and Peter Zonis ("Zonis") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance for Defendants' failure to pay Plaintiffs, and other similarly situated

employees, their overtime pay. Plaintiffs, and other similarly situated employees, are current and former employees of the Defendants' restaurant and bar.

2. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in the collective action are attached as Group Exhibit A. (See Group Exh. A.)

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Garmendia has been employed by Defendants as a cook for approximately six (6) years. Plaintiff is a current employee of the Defendants.

6. Plaintiff Garcia has been employed by Defendants as a prep cook for approximately six (6) years. Plaintiff is a current employee of the Defendants.

7. Plaintiff Peralta-Martinez has been employed by Defendants as a cook for approximately eight (8) months. Plaintiff is a current employee of the Defendants.

8. During the course of their employment, Plaintiffs used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

9. Plaintiffs reside in and are domiciled in Chicago, Illinois.

10. Defendant Lockdown Bar & Grill is a restaurant engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on the premises.

11. Defendant Lockdown Bar & Grill is operated by Assault and Burgery, L.L.C., an Illinois limited liability company, and is doing business as a bar and restaurant at 1024 N. Western Avenue in Chicago, Illinois.

12. Upon information and belief, Defendant Lockdown Bar & Grill earned more than $500,000 in annual gross revenue during 2014, 2015 and 2016.

13. Assault and Burgery, L.L.C. is registered in Illinois as a limited liability company company and its managers, registered agent, and principal office are located within this judicial district.

14 Upon information and belief, Defendant Zonis is an owner of Defendant Lockdown Bar & Grill. Zonis is a manager of Lockdown Bar & Grill's operating entity, Assault and Burgery, L.L.C.

15. At all times relevant to this action, Defendant Zonis possessed extensive oversight over Lockdown Bar & Grill's employees and business practices. Zonis was also the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices. Zonis further possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

**COMMON ALLEGATIONS**

Plaintiff David Garmendia Marin

16. During the last three years before the filing of this suit and until two months prior to the filing of this lawsuit, Plaintiff Garmendia regularly worked five (5) days a week from approximately 9:00 a.m. to 12:00 a.m. During this time, Plaintiff typically did not work on Sunday or Wednesday.

17. Based on his schedule, Plaintiff Garmendia regularly worked approximately seventy-five (75) hours in individual workweeks during this time period.

18. Plaintiff Garmendia was paid on an hourly basis by Defendants until approximately November 2016.

19. While Plaintiff Garmendia was paid on an hourly basis during the last three years before the filing of this suit, his rate of pay increased from $13.25 to $14.25.

20. During the time period from 2014 through approximately October 2016, Defendants paid Plaintiff Garmendia for 80 hours of work in a bi-weekly period by check.

21. In addition to the check payment, Defendants paid Plaintiff Garmendia in cash for the hours he worked in excess of 80 in the bi-weekly pay period. Defendants paid these overtime compensable work hours at Plaintiff's straight-time rate of pay.

22. All wages paid to Plaintiff Garmendia during this time were paid at his straight-time rate of pay and Plaintiff never received an overtime premium.

23. Approximately two months ago in November 2016, Defendants began attempting to pay Plaintiff Garmendia on a salary basis.

24. Defendants have paid Plaintiff Garmendia $2,000 on a bi-weekly basis since approximately November 2016.

25. Commensurate with the change to salary pay, Plaintiff Garmendia has worked approximately sixty (60) hours in individual workweeks for Defendants.

26. Defendants have paid all of Plaintiff Garmendia's wages by check since changing his basis of pay to salary.

27. Plaintiff Garmendia's duties as a cook have remained unchanged throughout his employment with Defendants.

28. Defendants have never paid Plaintiff Garmendia an overtime premium in addition to his bi-weekly salary.

Plaintiff Efren Garcia Valle

29. During the last three years before the filing of this suit, Plaintiff Garcia regularly worked five days a week from 6:00 a.m. to 4:00 p.m. or 4:30 p.m. Plaintiff typically did not work Tuesday or Sunday.

30. Based on his schedule, Plaintiff Garcia regularly worked between approximately fifty (50) to fifty-five (55) hours in individual workweeks.

31. During the last three years before the filing of this suit, Defendants purported to pay Plaintiff Garcia on a salary basis.

32. Defendants paid Plaintiff Garcia $1,400 on a bi-weekly basis.

33. Defendants paid all of Plaintiff Garcia's wages in cash.

34. Defendants have never paid Plaintiff Garcia an overtime premium in addition to his bi-weekly salary.

Plaintiff Jorge Peralta-Martinez

35. During the last three years before the filing of this suit, Plaintiff Peralta-Martinez has worked more than 40 hours in individual workweeks for Defendants.

36. Most recently, Plaintiff Peralta-Martinez has worked approximately 50 hours in individual workweeks.

37. Defendants paid Plaintiff Peralta-Martinez on an hourly basis until approximately November 2016.

38. While Plaintiff Peralta-Martinez was paid on an hourly basis, Plaintiff's hourly rate of pay was $11.00.

39. Approximately two months ago in November 2016, Defendants began attempting to pay Plaintiff Peralta-Martinez on a salary basis.

40. Defendants have paid Plaintiff Peralta-Martinez $1,500 on a bi-weekly basis since approximately November 2016.

41. Defendants have never paid Plaintiff Peralta-Martinez an overtime premium in addition to his bi-weekly salary.

**COLLECTIVE ACTION ALLEGATIONS**

42. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former cooks, dishwashers, and kitchen employees that worked for Defendants during the last three years before the filing of this suit.

43. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former cooks, dishwashers, and kitchen employees have had substantially similar job descriptions, job requirements, and pay rates.

44. Plaintiffs and other similarly situated current and former cooks, dishwashers, and kitchen employees worked more than 40 hours in individual workweeks and were not compensated at a rate of one and one-half times their regular hourly rates of pay.

45. Plaintiffs, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to cooks, dishwashers, and kitchen employees.

46. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' myriad common policies and plans to violate the FLSA maximum hour provisions.

47. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

48. There are numerous similarly situated current and former cooks, dishwashers, and kitchen employees who worked for Defendants' restaurant and bar and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

49. The similarly situated current and former cooks, dishwashers, and kitchen employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll, and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

50. Plaintiffs hereby incorporate paragraphs 1 through 49 as though stated herein.

51. During the last three years before the filing of this suit, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

52. During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

53. During the course of Plaintiffs' employment, Defendants employed other car wash employees who were similarly not exempt from the overtime wage provisions of the FLSA.

54. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

55. Defendant Lockdown Bar & Grill was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

56. Under 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt cooks, dishwashers, and kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

57. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

58. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants intentionally used a check-and-cash combined payment system to conceal their failure to pay overtime compensation. Defendants also paid the wages of select employees entirely in cash to further conceal their failure to pay overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiffs, David Garmendia Marin, Efren Garcia Valle, and Jorge Peralta-Martinez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Assault and Burgery, L.L.C. d/b/a Lockdown LLC and Peter Zonis, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

59. Plaintiffs hereby incorporate paragraphs 1 through 49 as though stated herein.

60. During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

61. During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

62. During the course of Plaintiffs' employment, Defendants employed other cooks, dishwashers, and kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

63. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

64. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other non-exempt cooks, dishwashers, and kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

65. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, David Garmendia Marin, Efren Garcia Valle, and Jorge Peralta-Martinez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Assault and Burgery, L.L.C. d/b/a Lockdown LLC and Peter Zonis, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

- B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

66. Plaintiffs hereby incorporate paragraphs 1 through 49 as though stated herein.

67. Plaintiffs were not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

68. Under § 1-24-040, for all weeks during which Plaintiffs worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

69. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiffs, David Garmendia Marin, Efren Garcia Valle, and Jorge Peralta-Martinez, on behalf of themselves and all other Plaintiffs similarly situated, known and

unknown, pray for a judgment against Defendants, Assault and Burgery, L.L.C. d/b/a Lockdown LLC and Peter Zonis, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: January 13, 2017

Respectfully submitted,
David Garmendia Marin, Efren Garcia Valle, and Jorge Peralta-Martinez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, Plaintiffs

/s/ Nicholas P. Cholis
_____
One of the Plaintiffs' Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com